UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE DANIEL ORTEGA GAVARRETE (A#221-362-960),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CARLIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-05678-DC-SCR (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 9) |

Petitioner, a federal immigration detainee proceeding through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 9.) Neither party filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has

reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Here, Petitioner was detained immediately following his arrest for driving under the influence, while charges were pending against him. (Doc. Nos. 8-1, 8-2.) This court has previously found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *See, e.g.*, *Alvarado-Tapia v. Chestnut*, No. 1:26-cv-04301-DC-AC, 2026 WL 1694655, at *2 (E.D. Cal. June 11, 2026) (finding a bond hearing to be the proper remedy where the petitioner was detained by immigration authorities immediately following his arrest for driving under the influence); *Onofre v. Santacruz*, No. 1:26-cv-04261-DC-CSK, 2026 WL 1694652, at *2 (E.D. Cal. June 11, 2026) (finding a bond hearing to be the appropriate remedy where the petitioner was detained by immigration authorities immediately following her arrest and conviction for driving under the influence and causing bodily injury).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 18, 2026 (Doc. No. 9), are ADOPTED IN PART;

2. Petitioner RENE DANIEL ORTEGA GAVARRETE's (A#221-362-960) application for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner with a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

   b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 30, 2026**

Dena Coggins
United States District Judge